UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE HANOVER INSURANCE
COMPANY,

    Plaintiff,

v.                                         Case No. 2:19-cv-835-JES-NPM

J&S PROMOTIONS, LLC,
JAMES F. SMITH, and
STANNY R. PARK,

    Defendants.

## ORDER

Before the Court is a Motion to Compel Discovery Responses from Defendant Stanny R. Park (Doc. 60). No response was filed to the motion and the deadline to respond has lapsed.

In this action, Hanover Insurance Company ("Hanover") seeks a declaratory judgment to determine the rights and responsibilities of the parties under an insurance contract issued to Defendant J&S Promotions as its insured. (Doc. 1, p. 1). As a result of a grounding of the insured's motor yacht on a coral reef on December 30, 2017, certain claims for bodily injury and property damage arose. *Id.* Defendant Stanny R. Park, who is proceeding without counsel,[1] claims she was a passenger on

---

[1] Park was initially represented by counsel, who filed an Answer on her behalf (Doc. 17), but they

the vessel and sustained injuries during the incident. *Id.*, ¶ 23. Contending that the excursion violated numerous conditions of the yacht insurance policy, Hanover seeks a declaration that any insurance coverage related to the incident is precluded. (Doc. 53, p. 15-16).

Pursuant to the July 2020 Case Management and Scheduling Order, the discovery deadline was January 25, 2021 (Doc. 52), and "motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone." (Doc. 50, p. 6). Failing to pay heed to the schedule, Hanover allowed the discovery period to close without obtaining any written discovery responses from Park. The written discovery was served in September 2020, and Hanover graciously agreed to extend the time for Park's responses to December 1. (Doc. 60, pp. 1, 3). But when Park failed to respond, Hanover took no curative action prior to the January 25, 2021 close of discovery.[2] Instead, more than three weeks after the discovery deadline, Hanover filed its motion to compel on February 18, 2021.

Coming after the close of discovery, "the request at issue requires an implicit extension of the discovery period." *Beltway Cap., LLC v. Cmty. Champions Corp.*,

---

subsequently obtained an order on June 17, 2020, granting them permission to withdraw.

[2] And without the discovery responses from Park, Hanover filed its motion for summary judgment on December 1, 2020 – nearly two months before the close of discovery and three months before the dispositive motion deadline. (Doc. 53). Park has not responded to the motion, but the other defendants have, and the parties are scheduled to mediate this matter on March 16, 2021. (Doc. 58).

2

No. 6:18-CV-2139-PGB-DCI, 2020 WL 1674275, *2 (M.D. Fla. Jan. 16, 2020). But a scheduling order's deadline for the completion of discovery may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).

Hanover makes no attempt to meet Rule 16's good cause standard, and its untimely filing belies its ability to do so. *See Beltway Cap.*, 2020 WL 1674275 at *2. In fact, an untimely request for more time also requires a showing of excusable neglect for the late filing, but Hanover makes no attempt to meet this standard either. *Id*. While litigants "may stipulate – within the confines of the Court's orders – to methods, procedures and extensions of time for discovery without Court intervention" (Doc. 50, p. 6), they "forgo obtaining discovery responses within the discovery period at their own peril." *Beltway Cap.*, 2020 WL 1674275 at *2.

Accordingly, the Motion to Compel Discovery Responses from Defendant Stanny R. Park (Doc. 60) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 15, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

3